IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 2 2 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-00216-BNB

FIDEL M. KABYESIZA,

    Plaintiff,

v.

FIELD OFFICE DIRECTOR, Office of Detention and Removal Operation,
    Denver Field Office, U.S. DHS - ICE,
DETENTION OPERATIONS WARDEN, The GEO Group/DHS - ICE,
MANUEL RODRIGUEZ, and
ANDREW SMITH,

    Defendants.

## ORDER TO DISMISS IN PART AND TO DRAW CASE TO A DISTRICT JUDGE AND MAGISTRATE JUDGE

Plaintiff, Fidel M. Kabyesiza, filed *pro se* a civil rights complaint for money damages. He attempted to assert jurisdiction pursuant to 28 U.S.C. § 1391, the venue statute. On March 9, 2010, Magistrate Judge Boyd N. Boland ordered Mr. Kabyesiza to file within thirty days, on the Court-approved form, an amended complaint that asserted the personal participation of each named Defendant and that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

On March 25, 2010, Mr. Kabyesiza submitted an amended "civil rights" complaint for money damages asserting jurisdiction pursuant to 28 U.S.C. § 1331. *See* amended complaint at 2-3. He did not use the Court-approved form, as directed. However, the amended complaint will not be dismissed for that reason.

Mr. Kabyesiza has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. **Neitzke v. Williams**, 490 U.S. 319, 324 (1989).

The Court must construe Mr. Kabyesiza's filings liberally because he is representing himself. *See* **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. **Hall**, 935 F.2d at 1110. For the reasons stated below, the amended complaint will be dismissed in part pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous.

Mr. Kabyesiza alleges that he is a citizen of Tanzania who presently resides at a private Denver residence. He asserts that on December 23, 2008, when he visited the office of the Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE) in Aurora, Colorado, to ask whether the conditions of his "release from custody could be adjusted," he was "taken into custody." *See* amended complaint at 4. He further asserts that he was subjected to two strip searches, one conducted on December 24, 2008, by the El Paso County sheriff, Defendant Andrew Smith, upon his arrival at the El Paso County Jail, and the second conducted on January 29, 2009, by a GEO employee at the intake office of the DHS - ICE processing center, Defendant Manual Rodriguez. He makes no allegations against the remaining Defendants, the

2

Field Office Director, Office of Detention and Removal Operation, Denver Field Office, U.S. DHS - ICE, and the Detention Operations Warden, The GEO Group/DHS - ICE.

As Magistrate Judge Boland pointed out in the order dated May 9, 2010, Mr. Kabyesiza must assert personal participation by each named Defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Magistrate Judge Boland explained that to establish personal participation Mr. Kabyesiza must name and show how the defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). He also explained that there must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Magistrate Judge Boland specifically pointed out that a Defendant, such as the DHS - ICE field office director or detention operations warden, may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Because Mr. Kabyesiza has failed to allege the personal participation of the DHS - ICE field office director or detention operations warden, the claims against those Defendants will be dismissed as legally frivolous pursuant to § 1915(e)(2)(B), and those Defendants will be dismissed as parties to this action. The claims against the remaining Defendants, Manual Rodriguez and Andrew Smith, will be drawn to a district judge and a magistrate judge. Accordingly, it is

ORDERED that the complaint is dismissed in part and drawn in part. It is

FURTHER ORDERED that the claims asserted against the Field Office Director, Office of Detention and Removal Operation, Denver Field Office, U.S. DHS - ICE, and the Detention Operations Warden, The GEO Group/DHS - ICE, are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). It is

FURTHER ORDERED that the Field Office Director, Office of Detention and Removal Operation, Denver Field Office, U.S. DHS - ICE, and the Detention Operations Warden, The GEO Group/DHS - ICE, are dismissed as parties, and the clerk of the Court is directed to remove their names from this action. It is

FURTHER ORDERED that the claims asserted against Manual Rodriguez and Andrew Smith and the case are drawn to a district judge and a magistrate judge.

DATED at Denver, Colorado, this __21st__ day of __April__, 2010.

BY THE COURT:

_Christine M. Arguello_
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00216-BNB

Fidel M. Kabyesiza
2323 Curtis Street
Denver, CO 80010

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 4/22/10

                                       GREGORY C. LANGHAM, CLERK

                              By: _____
                                            Deputy Clerk