IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00216-MSK-KLM

FIDEL M. KABYESIZA,

    Plaintiff,

v.

MANUEL RODRIGUEZ, and
ANDREW SMITH,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Discovery and to Proceed in Part** [Docket No. 26; Filed September 23, 2010] (the "Motion for Discovery") and Plaintiff's **Request to Reconsider the Proceedings of the Matter** [Docket No. 27; Filed September 23, 2010] (the "Motion to Reconsider").

**I. Background**

Plaintiff filed this civil rights action *pro se.* He alleges that he is a citizen of Tanzania awaiting an immigration hearing. Plaintiff alleges that he is subject to release conditions imposed by the Department of Homeland Security ("DHS") Immigration and Customs Enforcement ("ICE") agency. *Amended Complaint* [# 8] at 2, 4. Plaintiff asserts that on December 23, 2008, he appeared at the DHS-ICE office in Aurora, Colorado to request a change in his release conditions. *Id.* at 4. According to Plaintiff, when he arrived at the government office, his release was revoked, he was taken into custody, and was

1

subsequently transported to the El Paso County Jail. *Id.* Plaintiff alleges that when he arrived there, Defendant Smith, the County Jail Sheriff, subjected him to an unconstitutional strip search. On January 29, 2009, he was transferred to another facility which was operated by the GEO Group, Inc. While there, he alleges that he was subjected to a strip search by Defendant Rodriguez.

Plaintiff initially named as Defendants (1) Field Office Director, Office of Detention and Removal, Denver Field Office, U.S. DHS-ICE, Centennial, Colorado and (2) Detention Operations Warden, the GEO Group/DHS–ICE, Aurora Detention Center, Aurora, Colorado. *Complaint* [# 3]. On preliminary review of the complaint by the Court, the pleading was found deficient. Plaintiff was ordered to submit a new complaint within thirty days. *Order* [# 2]. Plaintiff filed a new complaint on February 5, 2010. [# 5]. That complaint was also subject to preliminary review. Again the complaint was found to be insufficient. The Court ordered that Plaintiff file an amended complaint because he had not named the individuals who allegedly engaged in unconstitutional conduct and had not alleged personal participation by the named Defendants. [# 7]. The Amended Complaint was filed on March 25, 2010 and added Manuel Rodriguez and Andrew Smith as Defendants. *Amended Complaint* [# 8].

On preliminary review of the Amended Complaint, the Court ordered the claims against the Field Office Director and Detention Operations Warden dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2). *Order* [# 9]. The claims against Rodriguez and Smith remain for adjudication. *Id.*

On February 5, 2010, Plaintiff filed a motion for leave to proceed *in forma pauperis*. He did not request service of process by the United States Marshal. [# 4]. The motion was

granted on February 12, 2010. [# 6].  From that date to June 30, 2010, Plaintiff's efforts, if any, to serve Defendants were unsuccessful.  As a result, on July 1, 2010, the Court *sua sponte* directed the United States Marshal to serve a copy of the Amended Complaint and Summons personally on Defendants or attempt to obtain a waiver of service of these documents pursuant to Fed. R. Civ. P. 4(d). [# 21].  The Court ordered that service be accomplished by July 23, 2010.

On July 20, 2010, the Summons was returned unexecuted for Defendant Smith with a notation that the Marshal's effort to serve Defendant Smith was unsuccessful because "no such person" was at the address provided by Plaintiff. [# 22].  The Summons was also returned unexecuted for Defendant Rodriguez.  The Marshal was informed that GEO Group, Inc. did not have an individual with that name in its employ.  [# 24]. The Court-ordered deadline for serving both Defendants has passed.

On August 2, 2010, the Court ordered Plaintiff to show cause why the case should not be dismissed pursuant to Fed. R. Civ. P. 4(m).  Plaintiff was ordered to file proof of service on Defendants, or respond, in writing, to the Order to Show Cause on or before August 23, 2010.  Plaintiff was advised that failure to serve Defendants, respond and show good cause for Plaintiff's failure to properly serve the Defendants, or provide a current address to allow the United States Marshal to effect service, would result in a recommendation to dismiss the case.

Because Plaintiff did not respond to the Order to Show Cause, on September 13, 2010, I issued a Recommendation that the case be dismissed without prejudice for failure to effect service within 120 days of the filing of the Amended Complaint, pursuant to Fed. R. Civ. P. 4(m).  The Recommendation was based on the fact that efforts to serve

3

Defendants by the United States Marshal, which necessarily relied on information provided by Plaintiff, were unsuccessful and that the 120 days allowed for service by Fed. R. Civ. P. 4(m) had passed. The Recommendation was also based on Plaintiff's apparent abandonment of the litigation, manifested by his failure to respond to the Court's Order to Show Cause why the case should not be dismissed for failure to effect service of process.

## II. Analysis

Plaintiff now seeks reconsideration of the Recommendation, based upon his desire to conduct unspecified discovery in an attempt to properly identify the individuals he wishes to sue. A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). It is well established in the Tenth Circuit that grounds for a motion to reconsider include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948). Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Because Plaintiff is proceeding *pro se*, the Court must construe his filings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the

4

same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

The sole basis for the Motion to Reconsider is Plaintiff's allegation that he emailed the Motion for Discovery directly to the Court's chambers on August 19, 2010, prior to the issuance of the Recommendation. Simply stated, the Court has received no emails from Plaintiff at any time. The Court receives emails at the address allegedly used by Plaintiff on a daily basis, diligently monitors those emails, and promptly notifies individuals who improperly attempt to use the Court's email address for filing pleadings. A thorough review of the Court's electronic records indicates that the Court has never received an email from Plaintiff. Moreover, the Court has not received Plaintiff's Motion for Discovery via email sent by any other person or entity at any time. Indeed, Plaintiff did not properly file the Motion for Discovery with the Court until more than one month after the alleged email was sent, and after docketing of the Recommendation regarding dismissal of Plaintiff's case.

Plaintiff's claim that he emailed the Motion for Discovery to the Court is simply not credible. Plaintiff has filed numerous documents with the Clerk in the proper manner. Before his current allegation of emailing a motion to the Court, Plaintiff has never previously emailed a pleading to the Court. Moreover, such a communication would be in violation of the Local Rules. Pursuant to D.C.COLO.LCivR 77.2, no party "shall send letters, pleadings, or other papers directly to a judicial officer." Further, there is also no indication that the Motion for Discovery is Plaintiff's late response to the Order to Show Cause. Plaintiff has continued to fail to respond to that Order.

Plaintiff has been dilatory in attempting to serve Defendants. He failed to respond to the Order to Show Cause. His representations to the court regarding the Motion to

Reconsider lack credibility. Plaintiff has not offered any proper basis for the Court's reconsideration of the Recommendation. For these reasons, the Motion to Reconsider is **DENIED**.

Plaintiff's Motion for Discovery is equally unavailing. Plaintiff seeks an order allowing him to conduct discovery for the purpose of obtaining information to effect service and support his claim. Pursuant to Fed. R. Civ. P. 26(d), "[a] party may not seek discovery from any source before the parties have conferred as required by" Fed. R. Civ. P 26(f). However, Rule 26(d) also states that discovery may be conducted prior to conferral "when authorized by . . . a court order." *Arista Records LLC v. John Does 1-19*, 551 F.Supp.2d 1, 6 (D.D.C. 2008). A party may be granted early discovery upon a showing of good cause. *Warner Bros. Records, Inc. v. Does 1-20*, No. 07-cv-01131-LTB-NJW, 2007 WL 1655365, at *1 (D. Colo. June 5, 2007); *Qwest Communication Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003). The courts have found good cause for expedited discovery when physical evidence may be destroyed with the passage of time, in cases involving claims of infringement and unfair competition, and where the party requesting discovery seeks a preliminary injunction. *Id.; see also Pod-Ners v. Northern Feed & Bean of Lucerne Ltd.*, 204 F.R.D. 675, 676 (D. Colo. 2002) (citing *Yokahama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 614 (D. Ariz. 2001)).

Plaintiff has not demonstrated good cause for allowing expedited or early discovery. Plaintiff's primary concern seems to be to obtain information to effect service, an "order to allow the plaintiff under the judicial order to obtain factual information necessary to support the claim, that include real names of defendants . . . so that united states marshal [sic] could effectively serve the process." *Motion* [# 26]. Yet Plaintiff seeks to gather this

information from Defendants, who are not yet parties to this litigation and who are apparently unknown to the individuals who manage the facilities where Plaintiff alleges his constitutional rights were violated. Plaintiff makes no suggestion as to the type of discovery he seeks or how it would be accomplished under these circumstances. Plaintiff's request for discovery is, therefore, highly impractical.

More importantly, Plaintiff's request for discovery is inappropriate. First, it is untimely. This case has been pending for more than eight months. Plaintiff's response to the Order to Show Cause was due five weeks ago. Plaintiff did not make his request for discovery until ten days after the Court recommended that the case be dismissed. Plaintiff's tardy effort to avoid dismissal should not be sanctioned by the Court. Second, Plaintiff has failed to demonstrate appropriate diligence in his efforts to prosecute his case. He has not shown that he made any reasonable efforts to identify the alleged wrongdoers or to serve them with process. He has not alleged that he conducted an internet search, hired a private investigator, or made any other effort to identify and locate the alleged wrongdoers. Third, because Plaintiff's allegations about emailing the Motion lack credibility, I find that he has not demonstrated good faith in pursuing the litigation.

Finally, it is not the responsibility of the Court or the opposing parties to effect service of process for Plaintiff. *See Hill v. Ortiz*, No. 07-00571-LTB-CBS, 2008 WL 2020289, at * 6 (D. Colo. May 9, 2008) (court need not require the U.S. Marshal or Clerk to search for Defendants); *see also Adams v. AlliedSingle General Aviation Avionics*, 74 F.3d 882, 886-87 (8th Cir. 1996) (discover*y* concerning service of process may be denied if the request is untimely). Based on existing case precedent, early discovery is not appropriate here. This case is not one seeking injunctive relief. Plaintiff does not allege that

7

the evidence may be destroyed if the usual discovery procedures are followed. In conclusion, Plaintiff has not met his burden to establish good cause for deviating from the usual discovery procedures. Moreover, because the Court's Recommendation is for dismissal without prejudice, Plaintiff is free to refile his complaint within the applicable statute of limitations after he undertakes additional efforts to identify and/or locate the proper defendants. Accordingly,

IT IS HEREBY **ORDERED** that the Motion for Discovery [# 26] is **DENIED**.

IT IS FURTHER **ORDERED** that the Motion to Reconsider [# 27] is **DENIED**.

Dated: October 1, 2010

BY THE COURT:

s/ Kristen L. Mix
United States Magistrate Judge
Kristen L. Mix
